1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    FRANK LOPEZ,                              1:06-cv-01844-OWW-TAG-HC

9              Petitioner,

10   v.                                        ORDER OF TRANSFER

11   TOM CAREY, Warden,

12             Respondent.                    _____

13   _____/

14       Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to

15   28 U.S.C. § 2254, in which he challenges a decision reached by the Board of Parole Hearings regarding

16   his suitability for parole.  (Doc. 1).  Petitioner has paid the $5.00 filing fee for this action.

17       The  federal  venue  statute  requires  that  a  civil  action,  other  than  one  based  on  diversity

18   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

19   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

20   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

21   situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which

22   the action may otherwise be brought." 28 U.S.C.  §  1391(b).

23       In a habeas matter, venue is proper in either the district of conviction or the district of

24   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper

25   forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d

26   244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the

27   execution of a sentence is the district where the prisoner is confined.").

28

1

1        In this case, petitioner was sentenced in Kern County Superior Court, which is located within

2  the Eastern District of California, Fresno Division.  He currently is incarcerated at Solano State Prison

3  at Vacaville, in Solano County, which lies within the Sacramento Division of the Eastern District of

4  California.  Because the instant petition is premised on events relating to petitioner's parole proceedings,

5  the court construes it as a challenge to the execution of petitioner's sentence, as opposed to an attack on

6  the conviction itself.  Thus, this matter should be addressed in the forum where petitioner is confined.

7  Therefore, the petition should have been filed in the Sacramento Division of the United States District

8  Court for the Eastern District of California.

9        Pursuant to Local Rule 3-120(b), a civil action which has not been commenced in the proper

10  court may, on the court's own motion, be transferred to the proper court.  Therefore, this action will be

11  transferred to the Sacramento Division of the Eastern District of California.

12        Good cause appearing, IT IS HEREBY ORDERED that:

13        1.  This action is transferred to the United States District Court for the Eastern District of

14  California sitting in Sacramento; and

15        2.  All future filings shall refer to the new Sacramento case number assigned and shall be filed

16  at:

17                United States District Court
                   Eastern District of California

18                501 "I" Street, Suite 4-200
                   Sacramento, CA 95814

19

20

21  IT IS SO ORDERED.

22  Dated:  __**January 31, 2007**__                  ___**/s/ Theresa A. Goldner**___
    **j6eb3d**                               UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28                                2