IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK LOPEZ,

    Petitioner,               No. CIV-S-07-0226 FCD-CMK P

    vs.

TOM CAREY, Warden,          <u>ORDER</u>

    Respondent.

_____/

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

    Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be served with the petition, but shall not file a response at the present time.

///

///

///

1

In light of the length of petitioner's sentence and the fact that the instant petition is premised on events relating to denial of parole, the court has determined that the interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner;

2. The Clerk of the Court is directed to serve a copy of petitioner's habeas corpus application and a copy of this order on David M. Porter, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of other documents in the file.

4. Within forty-five days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

   a. The number of days petitioner's counsel estimates it will take to file either:

      1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

      2. An amended petition which will proceed on exhausted claims only; or

      3. A statement which identifies both exhausted and unexhausted claims, and any intention to pursue unexhausted claims, after which the court will recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[1]

   b. Discovery and investigations;

   c. Anticipated motions;

---

[1] If not all claims in the original petition are exhausted, an amended "exhausted claims only" petition must be filed along with the statement indicating petitioner's intent to pursue unexhausted claims.  Of course, if no claims in the original petition have been exhausted, the case must be dismissed as opposed to stayed.

          d.  The need for and timing of an evidentiary hearing;

          e.  Enumeration and resolution of unexhausted claims; and

          f.  Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

      5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrel, Senior Assistant Attorney General.

DATED:  February 21, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE